PEOPLE v GRANQUIST

Docket No. 111585. Submitted January 4, 1990, at Grand Rapids. Decided April 16, 1990.

Ricky J. Granquist, while serving sentences of imprisonment for convictions of larceny and forgery, was placed in an extended furlough program of the Department of Corrections, during which he was allowed to return to his residence, was required to wear an electronic tether, observe a strict 11:00 P.M. to 6:00 A.M. curfew and report weekly to a corrections officer. Granquist violated the curfew and failed to report to a corrections officer. A jury in Delta Circuit Court, Dean J. Shipman, J., convicted Granquist of escape from prison. Defendant appealed.

The Court of Appeals held:

The statute relating to escape from prison, MCL 750.193; MSA 28.930, defines "prison" to include, among other things, any grounds under control of any person authorized by the Department of Corrections to have an inmate under care, custody or supervision, either in an institution or outside an institution, whether for work, medical care or otherwise. Thus, defendant's residence fit the statutory definition of "prison" and defendant was properly charged and convicted under the prison escape statute.

Affirmed.

MICHAEL J. KELLY, J., concurred in the result. He disagreed with the majority's conclusion that defendant's residence fit the statutory definition of "prison," but would hold that defendant's failure to satisfy the conditions of his furlough is nevertheless punishable under the prison escape statute.

ESCAPE — PRISON FURLOUGHS — CRIMINAL LAW.

A prison inmate placed on extended furlough and allowed to return to his home on condition that he wear an electronic tether, observe a nighttime curfew, and regularly report to a corrections officer, may properly be convicted under the statute

REFERENCES

Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 1, 2.

Failure of prisoner to return at expiration of work furlough or other permissive release period as crime of escape. 76 ALR3d 658.

relating to escape from prison if he fails to satisfy a condition of his furlough inasmuch as such person's residence satisfies the statutory definition of a prison (MCL 750.193; MSA 28.390).

*Frank J. Kelley,* Attorney General, *Thomas L. Smithson,* Prosecuting Attorney, and *Deborah K. Canja,* Assistant Attorney General, for the people.

*Robert D. Heikkinen,* for defendant on appeal.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

BRENNAN, P.J. Following a jury trial, defendant was convicted of prison escape, MCL 750.193; MSA 28.390, and was sentenced to a prison term of one to five years. Defendant appeals as of right and we affirm.

In February, 1988, while serving a two to five year prison term for larceny over $100 and a 3½ to 14 year prison term for forgery, defendant was placed in the Department of Corrections' extended furlough program. Under the terms of the furlough, defendant was required to report weekly to a corrections officer and to observe a strict 11:00 P.M. to 6:00 A.M. curfew. The violation of these terms of the furlough constitute an escape under the rules of the Department of Corrections.

After a relatively brief stay in a Department of Corrections halfway house, defendant moved into his own apartment. A corrections officer approved the move.

In March, 1988, defendant was notified that he would be monitored by electronic tether beginning April 1, 1988. The electronic tether permits corrections officers to monitor a furloughed inmate's presence or absence from the inmate's residence.

On April 19, 1988, the tether system indicated that defendant left his apartment at 8:46 P.M. and

did not return by the 11:00 P.M. curfew. A corrections officer went to defendant's apartment the next day. Defendant was not there. Defendant's name was placed in the Law Enforcement Information Network computer as an escapee and a warrant was issued for his arrest. Defendant failed to report as required by the conditions of his furlough.

On April 26, 1988, defendant telephoned corrections officers and indicated that he wanted to surrender. Following instructions given to him by corrections officers, defendant turned himself in at the Delta County Jail. Apparently defendant had gone on a drinking binge and lost track of time.

Defendant argues that his conviction for prison escape must be reversed. Defendant contends that he cannot be convicted under the prison escape statute because he did not escape from a "prison" as that term is defined in the statute. Defendant contends that extended furlough under the tether program is not "prison" under the statute. We disagree.

At the time the furlough violation occurred, the prison escape statute, MCL 750.193; MSA 28.390, provided in part:

> (1) A person imprisoned in a prison of this state who breaks prison and escapes, breaks prison though an escape is not actually made, escapes, leaves the prison without being discharged by due process of law, attempts to break prison, or attempts to escape from prison, is guilty of a felony, punishable by further imprisonment for not more than 5 years. The term of the further imprisonment shall be served after the termination, pursuant to law, of the sentence or sentences then being served. A prisoner who breaks prison, escapes, attempts to break prison, or attempts to escape, shall be charged with that offense and tried in the

courts of the county in which the administrative office of the prison or penal facility to which the prisoner was committed or transferred is located at the time of the breaking, escape, or attempt to break or escape.

(2) "Prison" as used in this section means a state prison, penitentiary, reformatory, state house of correction, community residential center either operated or leased by the department of corrections, a camp constructed and maintained under Act No. 274 of the Public Acts of 1949, being section 798.351 of the Michigan Compiled Laws, or a penal camp, except a probation camp or probation recovery camp, and includes the grounds, farm, shop, road camp, or place of employment operated by the institution or under control of the officers of the institution, the department of corrections, a police officer of this state, or any other person authorized by the department to have a prison inmate under care, custody or supervision either in an institution or outside an institution, whether for the purpose of work, medical care, or any other reason.

The escape statute defines "prison" liberally to include *any grounds* under control of any person authorized by the Department of Corrections to have an inmate under care, custody or supervision, either in an institution or outside an institution, whether for work, medical care or otherwise. We believe defendant's place of residence fit the definition of a "prison" under the escape statute. Thus, defendant's furlough violations constitute an "escape" within the meaning of MCL 750.193(1); MSA 28.390(1). See *People v Roupe,* 150 Mich App 469, 476; 389 NW2d 449, lv den 426 Mich 863 (1986). We agree with defendant's argument that the electronic tether was not a "prison"; but the tether was not intended to form the bounds of defendant's physical confinement. The electronic tether

is nothing more than a surveillance device which permits corrections officers to monitor a defendant's presence in his approved residence during curfew hours.

We decline to consider defendant's remaining arguments. Since defendant did not support his remaining arguments with citations to appropriate authority, those arguments are not properly before this Court. *People v Battle,* 161 Mich App 99, 101; 409 NW2d 739 (1987).

Affirmed.

Cynar, J., concurred.

Michael J. Kelly, J. *(concurring).* I concur in the result.

I do not believe that defendant's place of residence fit the definition of a prison under the escape statute, but since defendant did violate the conditions of his furlough status by failing to report, his furlough violation is punishable under MCL 750.193(1); MSA 28.390(1). MCL 791.265a(3); MSA 28.2325(1)(3). See also *People v Stubblefield,* 100 Mich App 354, 356; 299 NW2d 4 (1980).