PEOPLE v SARRES

Docket No. 121047. Submitted September 11, 1990, at Grand Rapids.
Decided April 15, 1991, at 9:40 A.M. Leave to appeal denied, 439
Mich —.

Robin J. Sarres pleaded guilty of prison escape in the Mason
Circuit Court, Richard I. Cooper, J., after admitting that he
failed to report to his parole officer as required under the terms
of his furlough from prison. The defendant appealed, claiming
that there was an inadequate factual basis for his plea.

The Court of Appeals *held:*

A prisoner on furlough, who complies with the requirements
of the furlough to remain at or return to a specified place of
residence, may not be convicted of prison escape solely because
the prisoner fails to report to a parole officer as required under
the terms of the furlough.

Reversed.

MacKenzie, P.J., dissenting, stated that the defendant's fur-
lough violations constituted an escape within the meaning of
MCL 750.193(1); MSA 28.390(1).

ESCAPE — PRISONS AND PRISONERS — PRISON FURLOUGHS — FAILURE
TO REPORT TO PAROLE OFFICER.

A prisoner on furlough may not be convicted of prison escape on
the basis of a failure to report to a parole officer where the
prisoner otherwise complies with requirements of the furlough
to remain at or return to a specified place of residence (MCL
750.193; MSA 28.390).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Cris J. Van Oosterum,*
Prosecuting Attorney, and *Patricia J. Miller,* As-
sistant Attorney General, for the people.

*Lannen & Trusock* (by *Mark A. Trusock),* for the
defendant on appeal.

REFERENCES

Am Jur 2d, Pardon and Parole §§ 100 *et seq.*

Conviction for escape where prisoner fails to leave confines of
prison or institution. 79 ALR4th 1060.

Before: MacKenzie, P.J., and Holbrook, Jr., and Shepherd, JJ.

Shepherd, J. Defendant pleaded guilty to prison escape, MCL 750.193; MSA 28.390, and was sentenced to thirteen months' to five years' imprisonment. He appeals as of right, claiming that there was an inadequate factual basis for his plea. We agree and reverse.

A factual basis to support a plea exists if an inculpatory inference can be drawn from what the defendant had admitted. *Guilty Plea Cases*, 395 Mich 96, 128-132; 235 NW2d 132 (1975). This holds true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. *Id.*, p 130. Even if the defendant denies an element of the crime, the court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. *People v Haack*, 396 Mich 367, 374-375; 240 NW2d 704 (1976).

Here, defendant indicated at the plea taking that he was on extended furlough at the time of the charged offense. Defendant further indicated that, although he knew he was supposed to report in person to his parole agent and knew that the parole agent had the authority to tell him when and how to report, defendant chose not to physically appear at the agent's office as ordered. This was not sufficient to establish a factual basis for defendant's plea to the offense of prison escape. We do not believe that the statute relating to prison escape includes a failure to report to a parole agent.

Defendant was living with his parents while on furlough from prison. There is no allegation that he failed to reside in his parents' home or that he left his parents' home unlawfully. We are satisfied

that the home of his parents was the equivalent of a prison and, had he left the home without authorization, we would not hesitate to affirm the conviction.

In *People v Roupe,* 150 Mich App 469; 389 NW2d 449 (1986), the defendant failed to return to a correction center at a specified time and failed to remain in his mother's home between the hours specified in his conditions of release. A corrections center employee made a spot check to determine whether he was complying with the furlough conditions and found that the defendant was not at his mother's home when he was supposed to be. The defendant was appropriately convicted of prison escape. In *People v Granquist,* 183 Mich App 343; 454 NW2d 207 (1990), the defendant was placed in an extended furlough program during which he was allowed to return to his residence but was required to wear an electronic tether and to report weekly to a corrections officer. The defendant violated all of the conditions and was convicted of prison escape. In an extensive annotation in 76 ALR3d 658 (failure of prisoner to return at expiration of work furlough or other permissive release period as crime of escape), all of the cases in which a defendant was convicted of escape involved situations where, in addition to committing other parole or furlough violations, the defendant failed to return to the place where he was required to be, whether that place was a prison, a halfway house, or a private residence. We have found no cases where a defendant was convicted of prison escape for merely violating the terms of a furlough without also failing to return to the place of confinement.

The statute in question, MCL 750.193; MSA 28.390, provides: "A person who is released from prison under a work pass program and who vio-

lates the terms of such release or who fails to return to his place of imprisonment within the time provided is guilty of a violation of this section." The prosecutor does not claim that this defendant was released under a work pass program and therefore that language of the statute does not apply to him. There is no other language in the statute which makes a failure to report to a parole officer the equivalent of a prison escape when the prisoner has been either returning to or residing at the place where he was required to reside.

On the basis of the facts admitted by this defendant at the guilty plea hearing, he has confessed to violating the terms of his furlough. The remedy is for the Department of Corrections to return him to prison to serve the balance of the sentence he was serving. If the Legislature chooses to make every violation of a furlough, no matter how significant or insignificant, equivalent to prison escape, the Legislature is free to do so even if such legislation would be somewhat inconsistent with the concept that the word "escape" connotes the unlawful leaving of a place where one is required to be. The Legislature could also create a separate criminal offense for any violation of parole. In the meantime, we are not free to read such provisions into the prison escape statute when they are simply not there. Accordingly, we reverse.

We are aware that *People v Roupe, supra,* indicated that the Legislature intended to allow both the Department of Corrections and the prosecuting attorney to deal with defendants who violate the prison escape statute. That does not resolve the issue in this case which is whether a mere failure to report to a parole officer is, in fact, a violation of the statute. Because we find that it is not a

violation, the only remedy is for the Department of Corrections to take appropriate action.

Reversed.

HOLBROOK, JR., J., concurred.

MACKENZIE, P.J. *(dissenting).* I respectfully dissent.

A defendant's furlough violations constitute an escape within the meaning of MCL 750.193(1); MSA 28.390(1). *People v Grandquist,* 183 Mich App 343, 346; 454 NW2d 207 (1990). Defendant admitted at his guilty plea proceeding that he violated the terms of his furlough. Accordingly, I would affirm.