PEOPLE v BRITT

Docket No. 143355. Submitted October 18, 1993, at Lansing. Decided December 7, 1993, at 9:10 A.M. Leave to appeal sought.

John E. Britt pleaded nolo contendere in the Genesee Circuit Court to a charge of carrying a concealed weapon and was sentenced to probation for three years. The court, Duncan M. Beagle, J., thereafter, by an ex parte order, amended the order of probation to require the defendant to be placed in an electronic monitoring program to assist in the supervision of the probation. After the defendant refused to cooperate with the monitoring program, the court, following a hearing, revoked the order of probation and sentenced the defendant to a prison term of thirty to sixty months. The defendant appealed.

The Court of Appeals *held:*

1. Monitoring with an electronic tether is not the equivalent of confinement in prison, the electronic tether being only a surveillance device. Because the use of an electronic tether does not constitute confinement, the court properly could add the electronic tether provision to the order of probation by an ex parte order without violating the defendant's due process rights.

2. The sentence imposed after the revocation of probation was proportionate both to the seriousness of the offense and to the circumstances of the offender.

3. The defendant is entitled to have stricken from the presentence report information that he challenged as inaccurate and that the court indicated it would not consider.

Affirmed, but remanded for amendment of the presentence report.

CRIMINAL LAW — PROBATION — ELECTRONIC TETHERS — EX PARTE ORDERS.

Monitoring with an electronic tether is not the equivalent of confinement in prison; a court properly may add an electronic tether provision to an order of probation by an ex parte order without violating a defendant's due process rights.

REFERENCES

Am Jur 2d, Criminal Law § 579.
See ALR Index under Parole, Probation, and Pardon.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for the defendant on appeal.

Before: Michael J. Kelly, P.J., and Shepherd and Murphy, JJ.

Per Curiam. Defendant appeals from the order of the circuit court revoking defendant's probation and sentencing defendant to thirty to sixty months in prison for the underlying offense of carrying a concealed weapon in violation of MCL 750.227; MSA 28.424. We affirm the order of the circuit court, but remand for correction of defendant's presentence report.

Defendant was sentenced to probation for three years after pleading nolo contendere to carrying a concealed weapon. Believing that defendant needed closer supervision, defendant's probation officer requested and received from the circuit court an ex parte order amending the order of probation to require defendant to be placed in the electronic monitoring program, also known as the "tether" program. Defendant refused to cooperate with the tether program, apparently believing that his due process rights were being violated. A probation violation hearing was held, at the conclusion of which the circuit court found that defendant had violated his probation. The circuit court subsequently sentenced defendant for the underlying offense.

Defendant contends that he was denied due process because his probation was revoked for failure to comply with the ex parte order requiring him to comply with the tether program. Defendant

argues that because placement in the tether program is the equivalent of confinement, due process protections apply and the ex parte amendment of the probation order therefore was improper. We disagree.

An order of probation may be amended ex parte, and there is no requirement that the defendant be given notice or an opportunity to be heard before the amendment. See MCL 771.2(2); MSA 28.1132(2); *People v Marks,* 340 Mich 495, 501; 65 NW2d 698 (1954); *People v Kendall,* 142 Mich App 576, 579; 370 NW2d 631 (1985); *People v Graber,* 128 Mich App 185, 190-191; 339 NW2d 866 (1983). In *People v Jackson,* 168 Mich App 280, 283; 424 NW2d 38 (1988), however, this Court distinguished ex parte orders that order confinement of the defendant. In *Jackson,* the defendant, while on probation, voluntarily entered a drug rehabilitation program that involved confinement at the rehabilitation center. His probation officer then obtained an ex parte order making completion of the program a condition of probation and, when the defendant attempted to leave the program, sought to have his probation revoked. This Court found that due process protections attached because the defendant was essentially being confined, resulting in a fundamental change in the defendant's liberty interest. *Id.*

In *People v Granquist,* 183 Mich App 343, 346-347; 454 NW2d 207 (1990), the Court concluded that the defendant in that case had escaped from prison while on an electronic tether. However, unlike the defendant in this case, the defendant in *Granquist* was being monitored by an electronic tether while on a prison furlough. The case does not stand for the proposition that any violation of curfew rules while on an electronic tether constitutes prison escape, but rather that the defen-

dant's escape from an area under the surveillance of the Department of Corrections constituted prison escape.

Contrary to defendant's argument, however, the order placing defendant in the tether program in this case was not an order of confinement. Being monitored with an electronic tether is not the equivalent of confinement in prison. *People v Smith*, 195 Mich App 147, 151-152; 489 NW2d 135 (1992); *People v Reynolds*, 195 Mich App 182, 184; 489 NW2d 128 (1992); *Granquist, supra*, 346-347; see also *People v Whitted*, 199 Mich App 459, 460; 502 NW2d 328 (1993). Electronic tethers were not intended to form the bounds of confinement. Rather, the electronic tether is simply a surveillance device for monitoring a defendant's presence in his residence during curfew hours. *Granquist, supra*. Because placement in the electronic tether program did not constitute confinement, due process protections did not attach, and the circuit court was within its discretion entering the ex parte order.

Defendant also contends that his sentence is disproportionately severe. The sentencing guidelines do not apply to probation violations. *Smith, supra*, 149; *People v Peters*, 191 Mich App 159, 167; 477 NW2d 479 (1991). Although the second edition of the guidelines is the best barometer by which to measure the proportionality of a sentence, *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), the guidelines should be used only as a starting point when determining a sentence for a probation violation. *Smith, supra*, 150; *Peters, supra*. After reviewing the record, we hold that the sentence was proportionate to both the seriousness of the offense and the circumstances of the offender. The trial court therefore did not abuse its discretion.

Defendant also contends, and the prosecution agrees, that defendant is entitled to have certain challenged information stricken from the presentence report. We also agree. When a sentencing court states that it will disregard information in a presentence report challenged as inaccurate, the defendant is entitled to have the information stricken from the report. MCL 771.14(5); MSA 28.1144(5); *People v Fisher (After Second Remand),* 190 Mich App 598, 603-604; 476 NW2d 762 (1991); *People v Newson (After Remand),* 187 Mich App 447, 450; 468 NW2d 249 (1991), vacated in part on other grounds 437 Mich 1054 (1991). In this case, defendant challenged a number of alleged inaccuracies in the presentence report, and the circuit court indicated that it would not consider this information. Defendant, therefore, is entitled to have the information in question stricken from the report.

The order of the circuit court is affirmed, but the case is remanded to the circuit court so that the challenged information may be stricken from the presentence report. We do not retain jurisdiction.