PEOPLE v ELOBY (AFTER REMAND)

Docket No. 164444. Submitted February 7, 1996, at Detroit. Decided February 16, 1996, at 9:05 A.M.

William M. Eloby pleaded nolo contendere in the Oakland Circuit Court, Deborah G. Tyner, J., with regard to one count of kidnapping, one count of armed robbery, six counts of first-degree criminal sexual conduct, and six counts of possession of a firearm during the commission of a felony. He was sentenced to six two-year terms of imprisonment for the felony-firearm convictions and eight terms of fifteen to thirty years' imprisonment for the remaining convictions. His motion for resentencing was denied by the trial court. The Court of Appeals, DOCTOROFF, C.J., and MURPHY and REILLY, JJ., granted the defendant's motion to remand to allow the defendant to move to withdraw his plea in the lower court. Unpublished order of the Court of Appeals, entered October 11, 1993 (Docket No. 164444). On remand, the trial court denied the defendant's motion to withdraw his plea.

After remand, the Court of Appeals *held:*

1. The trial court followed the terms of the plea agreement by sentencing the defendant to sentences that did not exceed the sentencing guidelines. Therefore, the defendant did not have an absolute right to withdraw his plea. The trial court did not abuse its discretion in denying the defendant's motion to withdraw his plea.

2. The defendant received effective assistance of counsel.

3. There was a sufficient factual basis to support the conviction for the count of felony-firearm related to the armed robbery conviction. However, there was not a sufficient factual basis to support the conviction for the count of felony-firearm accompanying the conviction of kidnapping. The felony-firearm conviction relating to the conviction of kidnapping must be reversed and the sentence for that conviction must be vacated.

4. The evidence supports the defendant's convictions with

REFERENCES

Am Jur 2d, Criminal Law §§ 167, 501, 502; Evidence §§ 1430, 1431.
See ALR Index under Aiding and Abetting; Guilty Plea.

regard to the last two counts of felony-firearm relating to the last two counts of criminal sexual conduct.

5. The sentences of fifteen to thirty years were proportionate.

Affirmed in part, reversed in part, and vacated in part.

1. CRIMINAL LAW — GUILTY PLEAS — NOLO CONTENDERE PLEAS — WITHDRAWING PLEAS.

A criminal defendant does not have an absolute right to withdraw a plea of guilty or nolo contendere after the plea has been accepted by the trial court; when a motion to withdraw a plea is made after sentencing, the decision whether to grant it rests within the sound discretion of the trial court.

2. CRIMINAL LAW — INCULPATORY INFERENCES.

A factual basis is sufficient to support a conviction as long as an inculpatory inference may be drawn from the facts presented, even if an exculpatory inference also may be drawn.

3. CRIMINAL LAW — POSSESSION OF FIREARM DURING COMMISSION OF FELONY — AIDING AND ABETTING.

A person who does not actually possess a firearm may be convicted of possession of a firearm during the commission of a felony as an aider and abettor if the person aids and abets either the acquisition or the retention of the firearm (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Kathryn G. Barnes,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for the defendant on appeal.

AFTER REMAND

Before: WAHLS, P.J., and HOOD and M. E. CLEMENTS,* JJ.

WAHLS, P.J. Defendant pleaded nolo contendere to one count of kidnapping, MCL 750.349; MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

28.581, one count of armed robbery, MCL 750.529; MSA 28.797, six counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and six counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; MSA 28.424(2). Defendant appeals as of right. We affirm in part, reverse in part, and vacate in part.

Defendant was sentenced to six two-year terms of imprisonment for the felony-firearm convictions and eight terms of fifteen to thirty years' imprisonment for the remaining convictions. Defendant filed a motion for resentencing, which the trial court denied. This Court granted defendant's motion to remand to allow defendant to move to withdraw his plea in the trial court. Unpublished order of the Court of Appeals, entered October 11, 1993 (Docket No. 164444). On remand, the trial court denied defendant's motion to withdraw his plea.

Defendant argues that the trial court abused its discretion in denying his motion to withdraw his plea. We disagree. When a prosecutor and a defendant agree to a specific disposition in exchange for a guilty plea or a plea of nolo contendere, the trial court can either accept or reject the plea, take the plea under advisement, or defer action until the court has had an opportunity to consider the presentence report. MCR 6.302(C)(3); *People v Johnson,* 210 Mich App 630, 632; 534 NW2d 255 (1995). If the court concludes that the sentence is inappropriate to the circumstances or the offender, it is obliged to reject the plea and inform the defendant that it will not accept the plea or be bound by the agreement. *Id.*

However, after a plea has been accepted by the trial court, there is no absolute right to withdraw

the plea. *People v Effinger,* 212 Mich App 67, 69; 536 NW2d 809 (1995). When a motion to withdraw a plea is made after sentencing, the decision whether to grant it rests within the sound discretion of the trial court. *Id.* That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice. *Id.*

Here, the record indicates that when defendant entered his plea of nolo contendere, the agreement gave him the right to withdraw his plea in the event that the court's sentence exceeded the guidelines. Although the guidelines were scored at the time for armed robbery and were evaluated at five to ten years, the prosecutor stated that the scoring was based on all the information known at the time. The prosecutor stated that the investigation to be conducted by the probation department would be much more extensive and thorough. In addition, when the trial court took the plea, it initially advised defendant that he would be permitted to withdraw his plea if his sentence was for a term of more than ten years. However, the court immediately corrected itself, stating that defendant could withdraw his plea only if the sentence exceeded the guidelines. Defendant indicated his understanding.

At sentencing, the guidelines had been revised to provide a scoring for first-degree criminal sexual conduct. The revised guidelines recommended a minimum sentencing range of ten to twenty-five years. The record indicates that the mistake in originally scoring armed robbery instead of first-degree criminal sexual conduct was a mutual mistake of the prosecutor and defense counsel. Defense counsel indicated that he had reviewed the revised guidelines and found them to be accurate. Because of the mutual mistake, the trial court

offered defendant an opportunity, which defendant refused, to withdraw his plea.

By imposing fifteen-year minimum sentences that were within the corrected guidelines, the trial court followed the terms of the plea agreement. Accordingly, defendant did not have an absolute right to withdraw his plea. *Effinger, supra,* p 69. In addition, the fact that the plea agreement was accepted distinguishes this case from *People v Cobbs,* 443 Mich 276, 285; 505 NW2d 208 (1993), *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), and *People v Scott,* 197 Mich App 28; 494 NW2d 765 (1992). Under the circumstances of this case, the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. *Effinger,* supra, p 69.

Defendant argues that he was denied the effective assistance of counsel because his counsel did not advise him that the prosecution would be unable to prove that he committed an armed robbery. We disagree. Effective counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *Id.* To establish ineffective assistance of counsel, a defendant must show that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.*

At the preliminary examination, the complainant testified that defendant and codefendant Abalonus Walker abducted her, drove her to a house, and forced her inside. After beating the complainant and forcing her at gunpoint to perform sexual acts for Walker, defendant took her jewelry and money. Defendant and Walker then divided the money in front of her. Because the prosecution would have been able to offer testimony regarding

the elements of armed robbery, defense counsel's performance did not deprive defendant of the effective assistance of counsel. See *People v LaVearn,* 448 Mich 207, 216; 528 NW2d 721 (1995); *Effinger, supra,* p 69.

Similarly, defendant argues both that there was insufficient evidence to prove his commission of the felony-firearm offenses and that his counsel should have informed him that the prosecution could not prove the felony-firearm charges. We agree in part and disagree in part. Because this issue was eventually raised before the trial court, there is no reasonable probability that, but for counsel's actions, the result of the proceeding would have been different. *Effinger, supra,* p 69.

With regard to the sufficiency of the factual basis, the transcript of the preliminary examination indicates that Walker had possession of a gun when he forced the complainant toward the car. Both Walker and defendant pushed the complainant into the car. Defendant drove the car to a house, and the complainant was forced inside. When they got inside the house, defendant asked Walker for the gun. Defendant held the gun to the complainant's head and forced her to allow Walker to penetrate her twice. Defendant and Walker then robbed the complainant and went out to the porch. The complainant never saw the gun again. When defendant returned to the room, he was accompanied by a third man, but not Walker. Defendant forced the complainant to allow the third man to penetrate her. Defendant then forced the complainant to allow him to penetrate her three times.

The complainant testified that defendant possessed the gun when Walker penetrated her. Immediately thereafter, she was robbed. A factual basis is sufficient as long as an inculpatory infer-

ence may be drawn from the facts presented. *People v Sarres,* 188 Mich App 475, 476; 470 NW2d 86 (1991). Because it can reasonably be inferred from the evidence presented that defendant retained possession of the gun during the armed robbery, there was a sufficient factual basis to support the conviction for that count of felony-firearm. *Id.*

However, there was not a sufficient factual basis to support the conviction for the count of felony-firearm accompanying defendant's conviction of kidnapping. One who does not actually possess a firearm may validly be convicted of felony-firearm as an aider and abettor. *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981); *People v Buck,* 197 Mich App 404, 418; 496 NW2d 321 (1992), rev'd in part on other grounds sub nom *People v Holcomb,* 444 Mich 853 (1993). However, the person must aid and abet either the acquisition or the retention of the gun. *Johnson, supra,* p 54; *Buck, supra,* p 418. Although it is clear from the facts that defendant aided and abetted the kidnapping, the complainant stated that she did not see defendant with the gun until after they were inside the house. Walker possessed the gun at the start of the kidnapping, and there was never a struggle over its possession. It cannot reasonably be inferred from these facts that defendant aided and abetted Walker in either the acquisition or the retention of the single gun that was seen. *Johnson, supra,* p 54; *Buck, supra,* p 418. Accordingly, that felony-firearm conviction must be reversed and that sentence must be vacated. *Buck, supra,* p 418.

With regard to the last two convictions of felony-firearm, it is unclear exactly which of the four remaining counts of first-degree criminal sexual conduct the felony-firearm charges accompanied. However, it is unnecessary to decide that issue to

resolve defendant's argument. Defendant argues that because the gun was first seen in Walker's hands and it was not seen again after Walker left the house, it can be inferred that Walker took the gun when he left the house. The trial court denied defendant's motion because the complainant last saw the gun in defendant's hands. The trial court felt a reasonable inference could be drawn that defendant kept the gun during the commission of the remaining four criminal sexual conduct counts.

A factual basis is sufficient as long as an inculpatory inference may be drawn from the facts presented. *Sarres, supra,* p 476. This holds true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. *Id.* Here, although defendant assaulted the complainant with weapons other than the gun during the last four commissions of criminal sexual conduct, defendant had used those same other weapons to assault the complainant when the gun was present. In addition, the complainant never testified that defendant or Walker hit her with the gun. Accordingly, it does not follow that if defendant had had the gun, he would have used it during the commission of the last four counts of criminal sexual conduct. Because of the continuing nature of the offenses and the fact that the gun was last seen in defendant's possession, it can reasonably be inferred that defendant possessed the gun during the commission of the last two counts of criminal sexual conduct. *Sarres, supra,* p 476.

Finally, defendant argues that his sentences of fifteen to thirty years were disproportionate. We disagree. Defendant's fifteen-year minimum sentences were in the low end of the guidelines' range of ten to twenty-five years and are presumed pro-

portionate. *People v Cotton,* 209 Mich App 82, 85; 530 NW2d 495 (1995). The fact that defendant did not have a prior felony conviction was accounted for by the guidelines. The record does not support an inference that the trial court enhanced defendant's sentences in reliance on the six felony-firearm convictions. See *People v Haywood,* 209 Mich App 217, 232; 530 NW2d 497 (1995). After reviewing the record, we believe that defendant's sentences were proportionate to the seriousness of the matter. *People v Houston,* 448 Mich 312, 319; 532 NW2d 508 (1995).

We reverse defendant's conviction of felony-firearm accompanying his conviction of kidnapping and vacate the sentence for that conviction. The remaining convictions and sentences are affirmed.