# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDREW OAKLEY, JR, III,

Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No. 324179
Tuscola Circuit Court
LC No. 13-012954-FH

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of third-degree child abuse, MCL 750.136b(5), and sentenced as a second-offense habitual offender, MCL 769.10, to 21 to 36 months' imprisonment. He appeals as of right his October 10, 2014 judgment of sentence. We affirm.

## I. BACKGROUND

Defendant's conviction arises out of the abuse of his ten-year-old stepson, RD. RD's divorced parents have alternating parenting times with RD (as well as their other children). In October 2013, after picking up his children from RD's mother, RD's father noticed a lump on RD's head. RD's father's fiancé noticed the same. RD told his father and his father's fiancé that defendant had struck him in the head from behind with his fist. RD's father contacted law enforcement and took RD to the emergency room in response. Following an investigation by the Michigan State Police, defendant was charged with third-degree child abuse, MCL 750.136b(5). During trial, RD testified that defendant had struck him with his fist on multiple occasions, including twice in late October 2013. He explained that on one occasion, while he "was trying to take a nap," defendant "came and pulled [him] out of bed" and hit him in the head "with his fist." On a separate occasion, defendant also struck him with his fist "in the back of [his] head" because RD was washing dishes too slowly. The prosecution also presented the testimony of RD's father, RD's father's fiancé, and a Michigan State Police Trooper, each of whom testified that they either saw or felt the lump on RD's head the night RD was taken to the hospital. A jury found defendant guilty as charged, and, after unsuccessfully moving for a new trial, the trial court sentenced defendant to 21 to 36 months' imprisonment. This appeal followed.

## II. ANALYSIS

### A. OTHER-ACTS EVIDENCE

-1-

On appeal, defendant first argues that he was deprived of his constitutional right to a fair trial because the trial court erroneously admitted evidence of his 2009 conviction for attempted third-degree child abuse. We disagree.

"In general, this Court reviews a trial court's decision regarding the admissibility of other-acts evidence for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007). Whether a rule of evidence or a statute precludes admissibility of certain evidence, however, is a question of law that is reviewed de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "Constitutional issues, such as the right to a fair trial, are reviewed de novo." *People v Mahone*, 294 Mich App 208, 215; 816 NW2d 436 (2011).

In this case, the trial court admitted the other-acts evidence at issue pursuant to MRE 404(b)(1), which provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Thus, other-acts evidence is admissible pursuant to MRE 404(b)(1) if (1) it is offered for a proper purpose, (2) it is relevant pursuant to MRE 402, and (3) if its probative value is not substantially outweighed by its potential for unfair prejudice pursuant to MRE 403. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993); see also *Dobek*, 274 Mich App at 85. "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010) (emphasis in original).

Defendant takes issue with the trial court's decision to admit evidence regarding his prior conviction for attempted child abuse. In 2009, defendant's three-year-old daughter, AO, was treated at a hospital for bruising on her face, ear, and neck. When questioned by child protective services about the bruising, defendant admitted that he had struck AO. Defendant was thereafter charged with third-degree child abuse and pleaded nolo contendere to attempted third-degree child abuse. The prosecution presented testimony regarding this incident as well as photographs of AO's bruises during the trial in this matter over defendant's objection. Specifically, defendant argued that the trial court should not admit this evidence because it was being offered for improper character purposes only, that it was not relevant, that its probative value was substantially outweighed by the danger of unfair prejudice, and that a curative instruction was insufficient to remedy the unfair prejudice that would result. The trial court rejected each.

Applying the rules set forth above, we conclude that the trial court properly admitted the other-acts evidence pursuant to MRE 404(B)(1) in this case. In each circumstance, defendant abused young children that he shared a parent-child relationship with. The abuse consisted of striking each child's head, and the injuries suffered by each child involved bruising to the face and neck area. While there is a disparity in the children's ages, that distinction is minor in

comparison to the similarities between each instance.[1] On appeal, while defendant acknowledges that "the evidence was arguably similar and relevant to the issue of the case," he claims that "the other bad act evidence was substantially more prejudicial than probative." Specifically, he claims that "[t]he harm emanating from admission of this evidence at his trial was abundant" because it "was revealed to the jury at the very outset of the case" and "included pictures." These conclusory explanations of prejudice, however, are insufficient to warrant reversal. "[A]ll evidence is somewhat prejudicial to a defendant—it must be so to be relevant." *People v Magyar*, 250 Mich App 408, 416; 648 NW2d 215 (2002). Instead, what is required is *unfair prejudice*; that is, the evidence must "inject[] considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id*. The record does not support a conclusion that unfair prejudice occurred in this case. Additionally, the potential for unfair prejudice was limited by the trial court's clear instruction, which was read immediately before each witness's testimony regarding the prior conviction:

> You are going to hear testimony to show that the defendant committed the crime of attempted child abuse in the third degree for which he is not on trial. If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether this evidence tends to show that the defendant used a plan, system or characteristic scheme that had been used before. You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the defendant is a bad person or that he is likely to commit crimes. You must not convict the defendant here because you think he is guilty of other bad conduct. All of the evidence must convince you beyond a reasonable doubt that the defendant committed the alleged crime or you must find him not guilty.

Jurors are presumed to follow their instructions, *Mahone*, 294 Mich App at 218, and defendant makes no attempt to overcome this presumption.

Accordingly, the trial court did not abuse its discretion in admitting the other-acts evidence at issue in this case. We therefore conclude that defendant was not deprived of his constitutional right to a fair trial. Furthermore, even if we assume that the other-acts evidence was improperly admitted, we nevertheless conclude that the outcome of the trial would have been the same had that evidence not been admitted. Thus, any error was harmless beyond a reasonable doubt. See *People v Shepherd*, 472 Mich 343, 347; 697 NW2d 144 (2005).

## B. SUFFICIENCY OF THE EVIDENCE

---

[1] It appears that the prosecution could have also admitted evidence of defendant's 2009 conviction pursuant to MCL 768.27b, which provides for the admission of other-acts evidence of domestic violence for any purpose, including propensity. However, even under that statute, the other-acts evidence remains subject to MRE 403.

Defendant next argues that he was deprived of his constitutional right to be found guilty beyond a reasonable doubt because there was insufficient evidence to support his conviction. We disagree.

The prosecution must prove guilt beyond a reasonable doubt. US Const, Am VI; Const 1963, art 1, § 20; *Sullivan v Lousiana*, 508 US 275, 279; 113 S Ct 2078; 124 L Ed 2d 182 (1993). In determining whether the prosecution presented sufficient evidence to support a conviction, we review the evidence presented in a light most favorable to the prosecution. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). "[W]e must determine whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id*. To convict a defendant of third-degree child abuse, the prosecution must prove that a person, meaning "a child's parent or guardian or any other person who cares for, has custody of, or has authority over a child," MCL 750.136b(1)(d), either (1) "knowingly or intentionally causes physical harm to the child" or (2) "knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a child, and the act results in physical harm to a child." MCL 750.136b(5). "Physical harm" is defined as "any injury to a child's physical condition." MCL 750.136b(1)(e).

On appeal, defendant argues that there was insufficient evidence to establish that RD was actually injured by defendant. However, RD testified that defendant struck him from behind in his head. Additionally, several witnesses, including RD, RD's father, and RD's father's fiancé testified that there was a visible lump on RD's head, which RD explained was from defendant's abuse. A Michigan State Trooper testified that while she could not see the lump, she could feel it and felt RD wince from the pain. This testimony was more than sufficient for a rational trier of fact to conclude that the evidence proved the essential elements of third-degree child abuse beyond a reasonable doubt. *Harverson*, 291 Mich App at 175. While defendant claims on appeal "that there was not sufficient evidence to give the jury an abiding conviction to a moral certainty that the accused caused the harm," that is not an accurate description of the applicable standard, i.e., beyond a reasonable doubt, and, as stated above, there was sufficient evidence to support defendant's conviction.

Accordingly, there was sufficient evidence presented to support defendant's conviction. We therefore conclude that defendant was not deprived of his constitutional right to be found guilty beyond a reasonable doubt.

## C. INEFFECTIVE ASSISTANCE

Defendant additionally argues that he was deprived of his constitutional right to the effective assistance of counsel for various reasons. We disagree in each respect.

Criminal defendants have a constitutional right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To successfully claim that trial counsel's performance constituted ineffective assistance, a defendant must satisfy two requirements on appeal. *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). First, a defendant must demonstrate that trial counsel's performance was deficient; that is, that trial counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 US at 687; *Pickens*, 446 Mich at 303.

Next, a defendant must demonstrate that he or she was prejudiced by trial counsel's objectively unreasonable performance; that is, that there was a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland*, 466 US at 687; *Pickens*, 446 Mich at 303. "Effective counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eloby (After Remand)*, 215 Mich App 472, 476; 547 NW2d 48 (1996).

First, defendant argues that trial counsel's performance constituted ineffective assistance because he erroneously advised him not to testify. Specifically, he claims that "[t]here was simply no good strategy for not, at the least, putting Mr. Oakley on the stand and setting forth his testimony for the trier of fact." There is nothing in the record, however, to support defendant's after-the-fact claim that trial counsel unreasonably advised him not to testify. Defendant does not claim that he was ignorant of his right to testify or that trial counsel coerced him into not doing so. Furthermore, this Court will not second-guess counsel's decisions on matters of trial strategy with the benefit of hindsight. *Pickens*, 446 Mich at 330. While defendant claims on appeal that, at worst, "[t]his would have resulted in the same verdicts imposed by the jury," that argument relies entirely on the benefit of hindsight. "[W]e must be especially careful not to second-guess or condemn with hindsight the decisions of defense counsel." *Id*.

Defendant also argues that trial counsel's performance constituted ineffective assistance because counsel failed to move to compel the testimony of child protective services worker Kevin Zaborney. Trial counsel called Zaborney as a witness and, after asking several questions regarding his background as a child protective services worker, counsel asked him whether he had "worked on a case involving [RD's father's family] before[.]" Zaborney answered as follows: "I'm currently the caseworker for the family, but before I give any other information, I need to request any other information with regards to the case be ordered for me to discuss." At that point, trial counsel indicated that he had no further questions for the witness. Defendant claims that this constituted ineffective assistance because "the jury was left confused as to why the CPS worker only testified for such a short time." Defendant has abandoned this specific argument on appeal. As we have recognized before, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (citation and internal quotation marks omitted). Moreover, without providing any indication as to what Zaborney's testimony would have been or how it may have been helpful at all to his case had it been compelled, we simply cannot find trial counsel ineffective in failing to do so.

Additionally, defendant argues that trial counsel was ineffective in failing to object to hearsay testimony. Specifically, defendant states that "counsel also failed to object when the prosecutor asked [RD] whether his mother told him not to call the police" on cross-examination after defense counsel called RD as a witness. We conclude that defendant has abandoned this specific argument on appeal as well. Again, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Payne*, 285 Mich App at 195. Even doing so for him, however, this argument is meritless. It is questionable at best whether this testimony was hearsay, i.e., whether it was offered to prove the truth of the matter asserted. Assuming it was, however, any error was harmless. As stated above, defendant

does not explain, and we are unable to discern, how the absence of this brief question amongst a three-day trial would have somehow affected the otherwise damning evidence present in the record. Furthermore, as stated above, we will not second-guess trial counsel on matters of trial strategy, *Pickens*, 446 Mich at 330, and it is certainly plausible that trial counsel did not want to draw further attention to the fact that defendant's wife, RD's own mother, who subsequently testified on defendant's behalf that RD was lying, asked RD not to call the police on defendant after defendant abused him.

Accordingly, the record reflects that trial counsel's performance did not fall below an objective standard of reasonableness and that defendant was not prejudiced by that performance. We therefore conclude that defendant was not deprived of his constitutional right to the effective assistance of counsel.

## D. PROSECUTORIAL MISCONDUCT

On appeal, defendant additionally argues that he was deprived of his constitutional right to a fair trial because the prosecutor impermissibly vouched for RD's credibility. Specifically, defendant takes issue with the following statement by the prosecutor about RD in her closing argument: "He's not lying. He's not coached. He's trying to remember." By this statement, defendant claims, the prosecutor "took this last opportunity to put the power and prestige of the Prosecutor's Office behind the testimony of her witnesses" "instead of letting justice be done." We disagree.

Defendant failed to preserve this issue for appellate review by not contemporaneously objecting to the allegedly improper argument by the prosecutor. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Thus, it is reviewed for plain error affecting substantial rights. *People v Vaughn*, 491 Mich 642, 663-664; 821 NW2d 288 (2012). While it is true that "the prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness," *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995), it is equally true that "[p]rosecutors are accorded great latitude regarding their arguments and conduct," *id.* at 282. It is also true that "[p]rosecutorial-misconduct issues are decided case by case, and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context." *People v Abraham*, 256 Mich App 265, 272-273; 662 NW2d 836 (2003) (citation and internal quotation marks omitted; alterations by *Abraham* Court).

In this case, we conclude that, when reviewed in context, the prosecutor's comment that RD was "not lying," "not coached," and just "trying to remember" did not constitute improper vouching. The defense presented at trial was precisely the opposite—RD was lying and coached. Defense counsel described the defense's "theory of . . . the case" as follows: "[RD's father] is a person who is making his child say these types of things and . . . he's using intimidation and violence to do it." Indeed, in both his opening and closing arguments, defense counsel argued that RD was "just not telling the truth" several times and acknowledged that "[o]bviously our argument is that his dad is the one that is coaching him or telling him . . . ." The prosecutor, arguing in response to that defense, offered an explanation to the defense—that RD was not lying or being coached. There is nothing in the record to suggest that the prosecutor was asserting "some special knowledge" regarding RD's truthfulness, *Bahoda*, 448 Mich at 276, nor that she

-6-

was, as defendant claims, "put[ting] the power and prestige of the Prosecutor's Office behind the testimony of her witnesses." Instead, she was merely responding to the defense's claims that RD was lying and coached. Evaluated in context, this statement did not fall beyond the "great latitude" afforded to prosecutors. *Id*. at 282.

Even if we assume it was improper, however, any error was harmless. The trial court instructed the jury that the attorneys' opening and closing statements were not evidence and should not be used as such in reaching a verdict, and the jury is presumed to have followed that instruction. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998) ("It is well established that jurors are presumed to follow their instructions."). Additionally, error requiring reversal will not be found where a curative instruction could have remedied any prejudice. *People v Johnigan*, 265 Mich App 463, 467; 696 NW2d 724 (2005). Thus, because an immediate instruction could have cured any prejudice that was not otherwise cured by the trial court's instructions, reversal is not required.

Accordingly, the statement by the prosecutor at issue did not amount to improper vouching, and defendant was not prejudiced by the statement. We therefore conclude that defendant was not deprived of his constitutional right to a fair trial based on prosecutorial misconduct. To the extent defendant also claims that trial counsel was ineffective in failing to object to this statement, we reject that argument because failing to raise a meritless objection does not constitute ineffective assistance of counsel. *People v Riley (After Remand)*, 468 Mich 135, 142; 659 NW2d 611 (2003) ("Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion.").

## E. PRIOR RECORD VARIABLE (PRV) 5

Finally, defendant argues that the trial court erred in scoring PRV 5 at ten points. We disagree. Because defendant failed to challenge the trial court's scoring of PRV 5 during sentencing, in a proper motion for resentencing, or in a proper motion to remand, appellate review of this issue is precluded. MCL 769.24(10); see also *People v Jackson*, 487 Mich 783, 791; 790 NW2d 340 (2010). In any event, the trial court properly scored PRV 5 at ten points. PRV 5 is to be scored at ten points if "[t]he offender has 3 or 4 prior misdemeanor convicitons or prior misdemeanor juvenile adjudications." MCL 777.55(1)(c). Here, the PSIR indicates that defendant pleaded nolo contendere to (1) attempted third-degree child abuse in 2009, (2) breaking and entering in 2012, and (3) trespassing in 2012. There is nothing in the record to suggest that this information is incorrect. Accordingly, we conclude that the trial court correctly scored PRV 5 at ten points. Because it did, defendant's related claim that trial counsel was ineffective in failing to raise this argument likewise fails. *Riley*, 468 Mich at 142. We would also note that our Supreme Court's decision in *People v Lockridge*, 498 Mich 358, 370; 870 NW2d 502 (2015), does not require a remand in this case because prior convictions are an exception to the general rule that any fact that increases the penalty for a crime must either be admitted by a defendant or found by a jury beyond a reasonable doubt.

## III. CONCLUSION

In sum, because the trial court did not err in admitting other-acts evidence, because there was sufficient evidence to support his conviction, because his counsel's performance did not

constitute ineffective assistance of counsel, and because PRV 5 was properly scored, defendant was not deprived of his constitutional rights as described above. We therefore affirm defendant's conviction and sentence.

Affirmed.

/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien