# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BUSH, Minors.

UNPUBLISHED
August 22, 2017

No. 336729
Genesee Circuit Court
Family Division
LC No. 12-129437-NA

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Respondent-mother, S. Bush, appeals the circuit court's order that terminated her parental rights to the minor children, LMB and LEB, pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). We affirm the trial court's finding that a statutory ground for termination was proved by clear and convincing evidence, but we vacate the trial court's best-interest ruling and remand for reconsideration of that issue.

## I. STATUTORY GROUNDS

Respondent argues that the trial court erred when it found that a statutory ground for termination was proven by clear and convincing evidence. We disagree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review "the trial court's findings of fact under the clearly erroneous standard." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

Termination is proper under MCL 712A.19b(3)(c)(*i*) if

[t]he parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds that the conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

-1-

The trial court here did not clearly err when it found that § 19b(3)(c)(*i*) was proven by clear and convincing evidence. The initial orders of disposition for the two children were entered on February 13, 2013, and January 9, 2014. The supplemental petition for termination was filed in October 2016, well beyond the 182-day period for each child. The condition that led to the adjudication of LMB as a temporary court ward was respondent's untreated mental health issues. The conditions that led to the adjudication of LEB as a temporary court ward were respondent's lack of parenting skills and her unresolved mental health issues. The trial court found that respondent's mental health issues, while appearing to be in remission, were not being effectively managed with medication and therapy. That finding is not clearly erroneous. In July 2013, Dr. Harold Sommerschield found that respondent "does not have sufficient psychiatric stability to parent her child independently in a mentally healthy and safe manner." In March 2014, after respondent had been on her medication, Dr. Sommerschield yet found that respondent was not "psychologically stable enough to care for her children." In September 2016, Dr. Cox found that respondent exhibited signs of mental illness, such as paranoia, "fast paced manic pressured speech, [and] very disorganized thinking." Dr. Cox also found that respondent lacked the capacity to parent the children. At the time of the hearing, respondent appeared well but was not in therapy or taking her medication. She believed that she was not mentally ill and did not require treatment. That respondent's condition had persisted for years and was not being effectively managed showed that it continued to exist, and the fact that respondent was not receiving treatment, and had even denied a need for treatment, showed that the condition was not likely to be rectified within a reasonable time given the children's ages. Therefore, we are not left with a definite and firm conviction that the trial court made a mistake when it found that this ground was supported by clear and convincing evidence.

The trial court also did not clearly err when it found that § 19b(3)(g) had been established by clear and convincing evidence. Termination is proper under this subsection when "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Here, respondent was unable to provide proper care or custody for the children due primarily to her mental illness. As discussed in relation to § 19b(3)(c)(*i*), the evidence showed that respondent's mental illness was not being effectively managed and that she lacked the capacity to parent her children. The fact that respondent was not receiving treatment, and had even denied a need for treatment, as well as her persistent problems managing the children during family visits, showed that she was unlikely to be able to provide proper care and custody within a reasonable time given the children's ages. Accordingly, the trial court did not clearly err when it found that this statutory ground supported termination.

Likewise, the evidence supports the trial court's finding that § 19b(3)(j) was also established by clear and convincing evidence. Termination under § 19b(3)(j) is appropriate when "[t]here is a reasonable likelihood, based on the conduct of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Respondent had mental health and cognitive limitations that affected her ability to parent the children. The evidence showed that respondent was unable to keep her children from running out of the visiting area and that

respondent did not recognize this as a problem. Accordingly, the trial court did not clearly err when it relied on this ground for the termination of respondent's parental rights.[1]

As part of her argument, respondent contends that petitioner did not meet its obligation to provide her with reasonable services. The record does not support this argument. On the contrary, the record establishes that respondent was provided with such services as parenting classes, a psychological evaluation, and assistance from Easter Seals. She also received mental health treatment at Training and Treatment Innovations (TTI). Services were discontinued in January 2016 after the filing of a supplemental petition for termination of respondent's parental rights, but that petition was dismissed and the parties agreed to resume reunification services. Respondent's argument is principally based on the testimony Denise Davidson, a foster-care worker, at the first termination hearing. Davidson testified that she took over the case from the previous caseworker in November 2015, the same month the amended supplemental petition for termination was filed. Although Davidson did not personally offer services to respondent, she did not testify that respondent was never provided with services. Rather, she testified that during the pendency of the case, respondent completed two sets of parenting classes, she was offered family visits, she was referred to TTI four times but did not maintain contact with her mental health providers, she was provided with assistance from an Infant Mental Health specialist, she completed a psychological evaluation, and she was referred to Pat Green but refused to participate in services with her. Respondent also claims that she was not offered any one-on-one services to accommodate her intellectual disabilities, but Sara Harvey, an Infant Mental Health specialist from Easter Seals, testified that she began working with respondent at family visits in March 2013, and the foster-care worker at the time testified that "Ms. Harvey . . . works very intently with her one-on-one on her parenting skills." Therefore, we hold that the record does not support respondent's argument that petitioner failed to provide her with adequate reunification services.

## II. BEST-INTERESTS DETERMINATION

Respondent also argues that the trial court erred when it found that termination of her parental rights was in the best interests of the children. We review a trial court's decision regarding a child's best interests for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the best interests before it can termination parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012); see also MCL 712A.19b(5). Whether termination is in the child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court is to consider evidence introduced by any party. *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000). Relevant factors include how

---

[1] It is unclear what "other conditions" the trial court relied on in support of termination under § 19b(3)(c)(*ii*). Assuming that the trial court erred when it relied on this additional statutory ground, the error was harmless in light of the evidence supporting termination under §§ 19b(3)(c)(*i*), (g), and (j). See *In re Powers*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

long the child has been in foster care, *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 64; 874 NW2d 205 (2015); the parent's history of mental health issues, *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001); the parent's parenting ability, *In re Jones*, 286 Mich App 126, 129-130; 777 NW2d 728 (2009); the parent's visitation history with the child and the child's bond to the parent, *In re White*, 303 Mich App at 713-714; the parent's compliance with her case service plan, *id.*; the child's safety and well-being, *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011); and the child's "need for permanency, stability, and finality," *In re Gillespie*, 197 Mich App 440, 446-447; 496 NW2d 309 (1992).

While consideration of these criteria may have supported a finding that termination of respondent's parental rights was in the children's best interests, the trial court failed to explicitly address whether termination was appropriate in light of the fact that the children were placed with a relative. It is established that "[a] trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best interests determination and requires reversal." *In re Olive/Metts*, 297 Mich App at 43. Accordingly, we vacate the trial court's best-interests determination and remand for redetermination of that issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent argues that trial counsel was ineffective when she failed to call respondent's therapist and psychiatrist as witnesses. Because respondent did not raise this issue in a motion for an evidentiary hearing or request for a new trial in the trial court, our "review is limited to mistakes apparent from the record." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014).

A respondent in a child protective proceeding has a due process and equal protection right to counsel. *In re Powers*, 244 Mich App 111, 121; 624 NW2d 472 (2000). This entails the right to the effective assistance of counsel. *In re EP*, 234 Mich App 582, 597-598; 595 NW2d 167 (1999), overruled in part on other grounds by *In re Trejo*, 462 Mich at 353 n 10. "[T]he principles of effective assistance of counsel developed in the context of criminal law apply by analogy in child protective proceedings." *Id.* at 598. In the criminal context, the general rule is that effective assistance of counsel is presumed and the defendant bears a heavy burden of proving otherwise. *People v Eloby (After Remand)*, 215 Mich App 472, 476; 547 NW2d 48 (1996). To establish a claim of ineffective assistance of counsel, the defendant must "show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007).

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). However, the trial strategy must be sound, and "a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

Respondent received mental health services at TTI. Petitioner's witnesses testified that after services were reinstated in 2016, respondent's case at TTI was closed because her insurance

lapsed and the case manager was unable to contact respondent. Respondent testified that (1) her therapist determined, in essence, that she did not need treatment and (2) her psychiatrist told her that she did not need to take her medication on a regular basis.

Although respondent had a therapist and psychiatrist at TTI who could have offered testimony regarding respondent's compliance with mental health services, the record does not show whether counsel contacted these potential witnesses to learn what information they had, or, more importantly, what testimony these potential witnesses would have offered if called. Respondent admits that she does not know what testimony either witness would have offered. Because the record does not show that counsel made a serious error when she failed to call these witnesses or that the witnesses' testimony would have been helpful to respondent, her claim of ineffective assistance of counsel necessarily fails.

Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola