PEOPLE v EFFINGER

Docket No. 156998. Submitted March 8, 1995, at Grand Rapids.
Decided July 7, 1995, at 9:45 A.M.

John W. Effinger, III, pleaded guilty in the Kent Circuit Court, H.
David Soet, J., to a charge of first-degree murder and was
sentenced to life imprisonment without parole. He moved to
withdraw his plea on the basis that it was entered without the
effective assistance of counsel, but the motion was denied. The
defendant appealed.

The Court of Appeals *held:*

1. There is no merit to the defendant's claim that his decision
to enter his plea was made without benefit of effective assis-
tance of counsel. The performance of the defendant's trial
counsel did not fall below an objective standard of reasonable-
ness. The defendant's plea was voluntarily and understandingly
tendered. The defendant failed to overcome his burden of
proving that he did not receive effective assistance of counsel.

2. The Court of Appeals will not hold that a plea of guilty of
first-degree murder is proof per se that the defendant received
ineffective assistance of counsel.

3. Michigan law does not require that defense counsel vigor-
ously oppose an accused's decision to plead guilty of a crime
that provides for a life sentence without parole or place strenu-
ous objections and possible defenses on the record.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — POSTCONVICTION MOTIONS —
POSTSENTENCING MOTIONS.

There is no absolute right to withdraw a guilty plea once it has
been accepted by the court; where a motion to withdraw a
guilty plea is made after sentencing, the decision whether to
grant it rests within the discretion of the trial court and will
not be disturbed on appeal except for a clear abuse of discretion
resulting in a miscarriage of justice.

REFERENCES

Am Jur 2d, Criminal Law §§ 501, 502, 984, 985.
See ALR Index under Attorney or Assistance of Attorney; Guilty
Plea; Withdrawal.

2. CRIMINAL LAW — PRESUMPTIONS — EFFECTIVE ASSISTANCE OF
   COUNSEL.

   Effective assistance of counsel is presumed and a defendant bears
   the burden of proving otherwise; to establish ineffective assis-
   tance of counsel, a defendant must show that counsel's perfor-
   mance was below an objective standard of reasonableness under
   prevailing professional norms and there is a reasonable proba-
   bility that, but for counsel's error, the result of the proceedings
   would have been different.

3. CRIMINAL LAW — GUILTY PLEAS — EFFECTIVE ASSISTANCE OF COUN-
   SEL.

   A defendant's plea of guilty of first-degree murder is not proof
   per se that the defendant received ineffective assistance of
   counsel.

4. CRIMINAL LAW — GUILTY PLEAS — OPPOSITION BY DEFENSE COUN-
   SEL.

   Michigan's law does not require that defense counsel vigorously
   oppose an accused's decision to plead guilty of a crime that
   provides for a life sentence without parole or place strenuous
   objections and possible defenses on the record.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *William A. Forsyth,* Pros-
ecuting Attorney, *Timothy K. McMorrow,* Chief
Appellate Attorney, and *Melody R. Leavenworth,*
Assistant Prosecuting Attorney, for the people.

*James Bearinger,* for the defendant on appeal.

Before: MACKENZIE, P.J., and McDONALD and
O'CONNELL, JJ.

MACKENZIE, P.J. Defendant pleaded guilty to a
charge of first-degree murder, MCL 750.316; MSA
28.548, and was sentenced to life imprisonment
without parole. After sentencing, defendant,
through appellate counsel, moved to withdraw his
plea in relevant part on the basis that it was
entered without the effective assistance of counsel.
The trial court denied the motion following a
*Ginther* hearing [*People v Ginther,* 390 Mich 436;

212 NW2d 922 (1973)]. Defendant appeals as of right. We affirm.

Defendant's sole claim on appeal is that he should be allowed to withdraw his guilty plea because his decision to enter his plea was made without the benefit of effective assistance of counsel. The claim is without merit.

There is no absolute right to withdraw a guilty plea once it has been accepted by the trial court. *People v Montrose (After Remand),* 201 Mich App 378, 380; 506 NW2d 565 (1993). When a motion to withdraw a guilty plea is made after sentencing, the decision whether to grant it rests within the sound discretion of the trial court. That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice. *Id.; People v Jones,* 190 Mich App 509, 512; 476 NW2d 646 (1991).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994); *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991).

When a defendant seeks to withdraw his guilty plea on the basis that he was denied the effective assistance of counsel, courts apply the test set forth in *Strickland* and *Pickens* in light of *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973). See

*People v Thew,* 201 Mich App 78, 89; 506 NW2d 547 (1993). The determination to be made is whether the defendant tendered the plea voluntarily and understandingly. *Id.* The question is not whether a court would, in retrospect, consider counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases. *Id.,* pp 89-90.

In this case, the record supports the trial court's conclusions that defense counsel's performance did not fall below an objective standard of reasonableness and that defendant's plea was voluntarily and understandingly tendered. Specifically, the record indicates that defense counsel sought to make as certain as he could that defendant understood the nature of the charges and the possible defenses that were available to him before defendant pleaded guilty to first-degree murder. *Thew, supra,* pp 92-94.

Although defendant claims that his trial counsel did not adequately explain the elements of first-degree murder and the possible defenses to that charge, and that defendant did not know that he could be tried and convicted of the lesser offenses of second-degree murder and manslaughter, the *Ginther* hearing transcript shows that defendant talked with his trial counsel on numerous occasions and understood that he had potential defenses of insanity, diminished capacity, and heat of passion, and understood that he might have been found guilty of the lesser offenses of second-degree murder or manslaughter on the basis of those defenses had he chosen to go to trial. In addition, the record shows that counsel explained, and defendant was aware of, the consequences of pleading guilty to first-degree murder. Despite counsel's advice against pleading guilty, defendant indicated

that he wanted to plead guilty to spare the victim's family the ordeal of a trial. Under these circumstances, we are satisfied that counsel's performance did not fall below an objective standard of reasonableness, *Strickland, supra; Pickens, supra,* and that defendant's plea was voluntarily and understandingly tendered, *Thew, supra.* Defendant has failed to overcome his burden of proving otherwise.

Contrary to defendant's suggestion, we decline to hold that a guilty plea to first-degree murder is per se proof that defendant received ineffective assistance of counsel. See, generally, *People v Stewart,* 442 Mich 890; 498 NW2d 430 (1993). The ultimate decision to plead guilty is the defendant's, and a lawyer must abide by that decision. See Michigan Rules of Professional Conduct, Rule 1.2(a). Counsel's responsibility is to provide the defendant the requisite information to allow the defendant to make an informed decision whether to plead guilty; it is not, as defendant would have it, to override or thwart a defendant's decision to enter a guilty plea.

Finally, we also reject defendant's suggestion that ineffective assistance of counsel should be found in this case because counsel, having advised his client against entering a guilty plea, failed to oppose defendant's decision to plead guilty by strenuously objecting or otherwise insisting that the case go to trial. Although this argument parallels the dissent's position in *Stewart, supra,* p 891, at present, Michigan law does not require that defense counsel vigorously oppose an accused's decision to plead guilty to a crime that provides for a life sentence without parole or place strenuous objections and possible defenses on the record. We decline to impose such a requirement.

We conclude that the trial court did not abuse

its discretion in denying defendant's motion to withdraw his plea. The trial court properly found that defendant's plea was made freely, voluntarily, and understandingly, and that defense counsel rendered effective assistance.

Affirmed.