# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 28, 2016

Plaintiff-Appellee,

v

No. 325103
Wayne Circuit Court
LC No. 14-006011-FC

NOBLE LAVEL MOORER,

Defendant-Appellant.

Before: BECKERING, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

A jury convicted defendant, Noble Moorer, of first-degree premeditated murder, MCL 750.316(1)(a), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to concurrent terms of life imprisonment for the murder conviction and two to five years' imprisonment for the felon-in-possession conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant was convicted of fatally shooting 25-year-old Dawood Schkoor on March 26, 2011, in Detroit. On March 26, defendant drove his friend Schkoor to the house of defendant's girlfriend, Lillian Massey, to do some house work. The prosecution presented evidence that Massey later called defendant, informed him that Schkoor had been caught stealing money out of one of the rooms, and summoned defendant to the house to "do something about it." Defendant, armed with a loaded firearm, drove to Massey's house. When defendant arrived, Massey and Schkoor were outside on the porch. Defendant parked his car in front of the house, stated, "You f**kin' with my woman," went to the porch, pushed Massey out of the way, and shot Schkoor six times, including twice in the chest. According to Massey, she and defendant initially agreed that she would confess to the shooting, and she took the gun before defendant fled the scene. The defense maintained that Massey was the person who shot Schkoor, as she initially reported to the police, but that she retracted her confession in order to avoid being imprisoned for murder and as an act of revenge after learning that defendant had another girlfriend.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence of premeditation and deliberation to support his conviction of first-degree premeditated murder. We disagree.

-1-

When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime. *People v Truong (After Remand)*, 218 Mich App 325, 337; 553 NW2d 692 (1996). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

First-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *People v Ortiz*, 249 Mich App 297, 301; 642 NW2d 417 (2002). Premeditation and deliberation require "sufficient time to allow the defendant to take a second look." *People v Anderson,* 209 Mich App 527, 537; 531 NW2d 780 (1995). The following nonexclusive list of factors may be considered to establish premeditation and deliberation: (1) the previous relationship between the decedent and the defendant, (2) the defendant's actions before the killing, (3) the circumstances surrounding the killing itself, including the weapon used and the location of the wounds inflicted, and (4) the defendant's conduct after the homicide. *People v Unger*, 278 Mich App 210, 229; 749 NW2d 272 (2008); *People v Coddington*, 188 Mich App 584, 600; 470 NW2d 478 (1991). "[M]inimal circumstantial evidence will suffice to establish the defendant's state of mind[.]" *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

The evidence that defendant brought a loaded firearm to Massey's residence after being informed that Schkoor had been caught stealing property, went to the property at Massey's behest in order to "do something" about the alleged theft, defendant's statement that Schkoor was "f**kin' with [his] woman" as defendant approached Schkoor on the porch, and defendant's acts of pushing Massey out of the way and then shooting Schkoor six times, considered together and viewed in a light most favorable to the prosecution, was sufficient to enable the jury to find beyond a reasonable doubt that defendant acted with premeditation and deliberation when he shot Schkoor. Although defendant argues that different inferences should be drawn from the evidence, this Court must draw all reasonable inferences and make credibility choices in support of the jury's verdict, and that deferential standard of review "is the same whether the evidence is direct or circumstantial." *Nowack*, 462 Mich at 400. See also *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). The evidence was sufficient to sustain defendant's conviction of first-degree premeditated murder.

## II. GREAT WEIGHT OF THE EVIDENCE

We also reject defendant's argument that his convictions are against the great weight of the evidence. A defendant is required to move for a new trial in the lower court to preserve a claim that his conviction is against the great weight of the evidence. *People v Cameron*, 291 Mich App 599, 617-618; 806 NW2d 371 (2011). Because defendant did not move for a new trial below, our review of this unpreserved claim is limited to plain error affecting defendant's substantial rights. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

In evaluating whether a verdict is against the great weight of the evidence, the question is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998); *Unger*, 278 Mich App at 232. As previously discussed, testimony and circumstantial evidence established that defendant acted with premeditation and deliberation. Contrary to what defendant suggests, conflicting testimony and questions regarding the credibility of witnesses are not sufficient grounds for granting a new trial. *Lemmon*, 456 Mich at 643. This Court defers to the jury's determination of credibility "unless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities[.]" *Id*. at 645-646 (citation omitted). That clearly is not the case here.

With regard to Massey's credibility, the jury was aware that she initially reported to a 911 operator and to the police that she was the person who shot Schkoor at her house on March 26, and that she did not reveal defendant's involvement until she was charged in connection with Schkoor's death. The jury heard the 911 recording, evaluated the contradictory police statements, and was made fully aware of the circumstances that ultimately motivated Massey to implicate defendant in the murder and testify against him. Again, it was up to the jury to determine whether Massey's testimony was reliable and credible in light of the factors explored by the defense. *Lemmon*, 456 Mich at 643-644. In addition, three other witnesses testified that defendant made incriminating statements to them, with one remark being a confession, defendant was observed leaving the scene, and defendant's cell phone records placed him in the area of Massey's house at the time of the shooting and leaving the area immediately after the shooting. The evidence does not preponderate so heavily against the jury's verdict that it would be a miscarriage of justice to allow the verdict to stand. Accordingly, the jury's verdict is not against the great weight of the evidence.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

Lastly, defendant raises claims of ineffective assistance of counsel, none of which have merit. Because no *Ginther*[1] hearing was held, our review is limited to mistakes apparent from the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). To establish ineffective assistance of counsel, defendant first must show that counsel's performance was below an objective standard of reasonableness. *Id*. at 659. Second, defendant must show that, but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *Id*. Effective assistance of counsel is presumed, and defendant bears a heavy burden of proving otherwise. *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons that counsel may have had for proceeding as he or she did." *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). "[A] reviewing court must conclude that the act or omission of the

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

defendant's defense counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *Id.* at 22-23.

## A. FAILURE TO CALL WITNESSES

Defendant argues that defense counsel should have called Mable Bounty and a firearms expert as witnesses. Decisions about defense strategy, including whether to call witnesses, are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and counsel has wide discretion in matters of trial strategy, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). The failure to present a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant claims that Mable Bounty, the sister of defendant's other girlfriend, Jamie Bounty, would have testified that Jamie told a police officer that "she would do whatever it took to keep [defendant] locked up." As defendant observes, defense counsel questioned Jamie about that statement at trial. Jamie denied making the statement. Defendant has not overcome the strong presumption that counsel chose not to call Mable of as a matter of trial strategy. *Rockey*, 237 Mich App at 76. Moreover, defendant has not provided any factual support for his claim that Mable would have provided favorable testimony. Defendant has not provided a witness affidavit or identified any other evidence of record establishing that Mable would have actually accused Jamie of falsely implicating defendant for murder. Absent such a showing, defendant has not established that counsel's decision not to call Mable as a witness was objectively unreasonable. Furthermore, without any evidence, he has not established that he was prejudiced by defense counsel's failure to call the proposed witness at trial.

Defendant also argues that counsel was ineffective for failing to call a firearms expert. Defendant fails to explain why a firearms expert was necessary, and he has not made an offer of proof regarding the substance of any testimony a firearms expert could have offered. A defendant cannot establish ineffective assistance of counsel using speculation that an expert would have testified favorably. *Payne*, 285 Mich App at 190.

## B. FAILURE TO REQUEST A VOLUNTARY MANSLAUGHTER INSTRUCTION

Defendant argues that defense counsel was ineffective for failing to request a jury instruction on the necessarily included lesser offense of voluntary manslaughter. Initially, because the defense theory at trial was that Massey was the shooter, not that defendant killed Schkoor in the heat of passion caused by adequate provocation, see *People v Sullivan*, 231 Mich App 510, 518; 586 NW2d 578 (1998), it was objectively reasonable for counsel not to request a voluntary manslaughter instruction. Regardless, the trial court instructed the jury on the necessarily included lesser offense of second-degree murder, MCL 750.317, and the jury rejected that offense and found defendant guilty of first-degree premeditated murder. Without addressing any entitlement to a manslaughter instruction, "where a defendant is convicted of first-degree murder, and the jury rejects other lesser included offenses, the failure to instruct on voluntary manslaughter is harmless." *Sullivan*, 231 Mich App at 520. Because the jury rejected a second-

degree murder option, defendant cannot show that there is a reasonable probability that the result would have been different had defense counsel requested a voluntary manslaughter instruction. Consequently, defendant cannot establish that defense counsel ineffective in this regard.

## C.  ADDITIONAL COMPLAINTS

Defendant makes two additional, cursory complaints regarding defense counsel failing to request a bench trial and failing to adequately impeach witnesses.  Defendant fails to provide any meaningful analysis of either of these claims.  "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."  *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).  "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."  *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).  Consequently, we consider defendant's remaining claims of ineffective assistance of counsel abandoned.  *Id.*

Affirmed.


/s/ Jane M. Beckering
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly