# Order

Michigan Supreme Court
Lansing, Michigan

April 4, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

153697

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                      SC: 153697
                                       COA: 324963
                                       Van Buren CC: 14-019392-FC

JOSE L. GARCIA-MANDUJANO,
        Defendant-Appellant.

_____/

On March 6, 2018, the Court heard oral argument on the application for leave to appeal the March 15, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals holding that trial counsel provided constitutionally effective representation, we VACATE the defendant's convictions and sentences, and we REMAND this case to the Van Buren Circuit Court for a new trial. To establish that trial counsel was ineffective, defendant must first establish that counsel's performance was deficient. *Strickland v Washington,* 466 US 668, 687 (1984). This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment because his performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.*; *People v LeBlanc*, 465 Mich 575, 578 (2002); *People v Effinger*, 212 Mich App 67, 69 (1995). Once defendant has established that counsel's performance was deficient, he must establish that the deficient performance prejudiced the defense. *Strickland*, 466 US at 687; *LeBlanc*, 465 Mich at 578. To do this, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This requires a showing that counsel's errors were so serious that they deprived defendant of a fair trial with a reliable result. *Id.*

Here, defense counsel was provided in pretrial discovery a medical report prepared by a physician assistant who examined the complainant and who was listed on the

prosecution's witness list. The report, while repeating the claims of the complainant, was generally favorable to the defense in that it did not document any tearing, bruising, bleeding, lacerations, DNA evidence, or evidence of any sexually transmitted disease found on the complainant. Defense counsel did not attempt to interview this critical witness before trial and did not reasonably prepare to cross-examine the trial testimony of the physician assistant by relying on the report to ask targeted questions to elicit the exculpatory evidence. Rather, defense counsel asked the witness during cross-examination the open-ended question whether there was "no medical evidence" to support the complainant's claim of assault. The witness responded that an adult speculum had easily been used to examine the 12-year-old complainant. Defense counsel testified at the *Ginther* hearing[1] that he thought he had elicited evidence from the witness that she had not mentioned the speculum in her report. But review of the record finds no such impeachment. Further, instead of using the report to impeach the witness on the failure to document the adult speculum in the report, defense counsel aggravated this inadequacy when, in his own words, he "tried to be the expert" on female anatomy.[2] That was not a reasonable trial strategy. Here, "[a]ny attorney acting reasonably" would have elicited the favorable exculpatory evidence from the report and then, if necessary, used the report to impeach the witness by presenting to the jury her failure to mention the speculum in her report documenting the complainant's examination. *People v Armstrong*, 490 Mich 281, 290 (2011). This is particularly true when, as here, attacking the witness's credibility "offered the most promising defense strategy." *Id*. at 291.

Moreover, defense counsel's conduct was not only deficient, it also prejudiced defendant. This case was solely a credibility contest between defendant and the complainant, and the physician assistant's testimony that she used an adult speculum to examine the 12-year-old complainant was the only medical evidence admitted at trial. Because defense counsel not only allowed this testimony to stand unchecked but also highlighted the testimony, there exists a reasonable probability of a different result.

---

[1] *People v Ginther*, 390 Mich 436 (1973).

[2] Defense counsel admitted this was "[n]ot my finest moment, as the jurors told me at the end that I know nothing about the female anatomy . . . ."



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 4, 2018



Clerk

s0328