*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 19, 2021

Plaintiff-Appellee,

v

No. 349181
Saginaw Circuit Court
LC No. 14-040405-FC

TAUREAN JAMES CARTER,

Defendant-Appellant.

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

SAWYER, P.J. (*dissenting*).

I respectfully dissent.

The majority principally relies on this Court's decision in *People v Fonville*, 291 Mich App 363; 804 NW2d 878 (2011). That reliance is misplaced.

In *Fonville*, the defendant plead guilty to child enticement, MCL 750.350(1), which is defined as follows:

> A person shall not maliciously, forcibly, or fraudulently lead, take, carry away, decoy, or entice away, any child under the age of 14 years, with the intent to detain or conceal the child from the child's parent or legal guardian, or from the person or persons who have adopted the child, or from any other person having lawful charge of the child.

Unlike the current case, in *Fonville* the charge to which the defendant plead guilty did not involve sexual activity, nor was it alleged that the defendant engaged in sexual activity with the children involved. Indeed, the *Fonville* Court noted "that, given the lack of any sexual component to Fonville's conduct, it was all the more imperative that his counsel advise him of the unique registration consequences of his plea." 291 Mich App at 394.

By contrast, defendant here was both originally charged with crimes that involved sexual conduct with the victim, but also plead guilty to charges that involved sexual conduct with the victim. Moreover, the original information in this case, charging defendant with first-degree

criminal sexual conduct, MCL 750.520b, notified defendant that conviction would result in registration under the Sex Offender Registration Act (SORA), MCL 28.721 *et seq.* The point being, the defendant in *Fonville* was significantly less likely to realize that he would have to register under SORA upon his conviction for child enticement than would defendant in this case.

But even accepting the possibility that defendant may have been under the misbelief that the reduction in charges from first-degree criminal sexual conduct to third-degree criminal sexual conduct would somehow eliminate the SORA requirement, there remains the issue of timing. As with the original first-degree criminal sexual conduct information, the amended information filed for the reduced charges of third-degree criminal sexual conduct also contained the notification of SORA registration for those charges, noting that, like with the original charges, it was considered a Tier III offense, thus having the same registration requirements. While it is true that the amended information was not filed until shortly after defendant plead guilty, it is also true that defendant did not file his motion to withdraw the sentence until over two and one-half years after the amended information with the notification was filed.[1] And, in the intervening time, defendant had been sentenced, resentenced, and resentenced a second time without the issue being raised.[2] The ability to withdraw a plea after sentencing is very limited:

> However, after a plea has been accepted by the trial court, there is no absolute right to withdraw the plea. *People v Effinger,* 212 Mich App 67, 69, 536 NW2d 809 (1995). When a motion to withdraw a plea is made after sentencing, the decision whether to grant it rests within the sound discretion of the trial court. *Id.* That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice. *Id.*

Furthermore, defendant's argument to withdraw his plea is based not on a defect in the trial court's taking of the plea, but in trial counsel's alleged failure to inform defendant of a collateral consequence of conviction. And defendant does not raise this issue until after trial counsel has died and is not available to testify regarding whether counsel had informed defendant that, even with the reduced charges, he would still be obligated to register under SORA. Had defendant moved to withdraw his plea in a timelier manner, the factual issue may have been easily resolved.

The majority argues that "there is no evidence that defendant's trial counsel advised him of the registration requirement prior to defendant entering his plea." *Ante, slip op* at 3. But it is also true that there is absolutely no evidence that defense counsel did not advise defendant of the SORA requirements. Indeed, I find it instructive that defendant's affidavit that was filed with his motion to withdraw averred that he "was not advised of the SORA registration requirement at my

---

[1] By contrast, the defendant in *Fonville*, moved to withdraw his plea before sentencing. 291 Mich App at 370-371.

[2] I also note that at the second resentencing, which occurred almost six months before defendant's motion to withdraw the plea, defense counsel did state on the record that defendant would "be on SOR for the rest of his life." And, according to the Presentence Investigation Report, defendant was placed on the Sex Offender Registry on March 10, 2016.

plea hearing." Defendant did not state that counsel had never explained the requirement to him.[3] Thus, the majority's statement that "defendant has sworn in his affidavit that counsel did not advise him of the SORA requirement prior to defendant entering his no contest pleas," *ante* at 3, is patently inaccurate.

Moreover, defendant's specific claim in his affidavit, that he was not advised of the SORA requirement at his plea, is not relevant to whether the plea is valid.[4] The SORA registration requirement is not one of the items that the trial court is obligated under MCR 6.302(B) to advise a defendant on before accepting the plea. Accordingly, this cannot be viewed as purely a defective plea case based upon an error in the proceedings that permits withdrawal of the plea. See MCR 6.310(C)(3). I further note that MCR 6.302(B)(2) does specifically require that the trial court advise if lifetime electronic monitoring is required, but the Supreme Court has nonetheless not required any SORA notification.

In sum, I am not inclined to extend *Fonville* from a case in which the charge did not involve actual sexual conduct to cases in which the charges explicitly address sexual conduct. Moreover, in light of the lengthy period of time between the plea and defendant's motion to withdraw his plea, coupled with the complete lack of any evidence, including the allegations in defendant's affidavit, that he was not advised by his now-deceased attorney regarding SORA, and that he was notified of the requirement shortly after the plea itself, I am not persuaded that the trial court abused its discretion in denying the motion to withdraw the plea. Finally, "[e]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). With defendant having produced no evidence, not even assertions in his own affidavit, that he was not advised of the SORA requirements, I cannot conclude that defendant has met his heavy burden.[5]

I would affirm.

/s/ David H. Sawyer

---

[3] The trial court also specifically referenced this fact in its decision to deny the motion to withdraw the plea.

[4] The trial court also made this point in its decision.

[5] Indeed, the majority acknowledges that "it is possible that defendant's trial counsel informed defendant of the registration requirement off the record . . . ." *Ante, slip op* at 3. The fact that "this cannot be verified," *id.*, does not serve to meet defendant's burden.