*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JASON SCOTT KNUPPENBURG,

      Defendant-Appellant.

UNPUBLISHED
June 22, 2023

No. 362543
Kent Circuit Court
LC No. 21-008072-FH

Before: GLEICHER, C.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Jason Scott Knuppenburg pleaded guilty to attempted fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b) (force or coercion). We cannot ascertain from the record whether defense counsel's constitutionally deficient performance caused Knuppenburg to involuntarily enter a guilty plea, such that Knuppenburg would be entitled to withdraw his plea. We remand for an evidentiary hearing.

## I. BACKGROUND

The prosecutor charged Knuppenburg with CSC-IV in violation of MCL 750.520e(1)(b) and driving with a suspended license in violation of MCL 257.904(1). Knuppenburg pleaded guilty to attempted CSC-IV and in exchange, the prosecutor dismissed the charges for the completed CSC and driving offenses. The court sentenced Knuppenburg to one year of probation including community service based on the plea.

Knuppenburg hired new counsel to move to withdraw his plea before sentencing. Knuppenburg asserted that his original counsel advised him that he could seek expungement of an attempted CSC-IV conviction after a certain number of years. Knuppenburg learned that his conviction was not eligible for expungement after conducting his own research. Counsel admitted his error in a telephone conversation with Knuppenburg and his wife after the plea entered.

-1-

Specifically, counsel stated that he had been unaware that the law changed in 2015,[1] and advised Knuppenburg to move to withdraw his plea based on the incorrect advice. Knuppenburg sought to withdraw his plea pursuant to MCR 6.310, citing the ineffective assistance provided by his attorney. He contended that he relied upon this misinformation, rendering his plea involuntary. In the alternative, Knuppenburg requested an evidentiary hearing to explore counsel's performance.

The court denied this motion, noting that when it inquired whether "anything else was promised to him," Knuppenburg responded in the negative. The court found no real prejudice to Knuppenburg as expungement, even if permitted, "is not an automatic, it's not a given, it's not a right." But the court agreed that the inability to have a conviction expunged from one's record is "not a collateral consequence" and Knuppenburg "should have been made aware beforehand." The court further rejected any claim of defect in the proceedings as it had complied with the court rule and made a full inquiry on the record.

Knuppenburg filed a second motion to withdraw his plea after sentencing, attaching affidavits authored by himself and his wife about the advice counsel had provided. He added to his account that counsel had advised him to take the plea because the prosecutor could seek to enhance the charge to third or second-degree CSC before or even at trial. However, there was no indication that the prosecutor intended to amend the complaint, a prosecutor may not alter or add charges after a jury has been empaneled, and the charges could not be elevated to CSC-III because the evidence would not support it. Knuppenburg again asserted that counsel's performance had been constitutionally deficient, warranting setting aside the plea or at least, scheduling an evidentiary hearing to consider counsel's actions.

The court again denied the motion, declaring that there had been no defect in the plea-taking process. "If there was ineffective assistance of counsel," the court continued, Knuppenburg could appeal: "That's not something that I would determine." The court reiterated that it had followed the court rules at the plea hearing and asked "if there were any other promises or . . . anything else that he was assured [of] before he entered the plea," and that Knuppenburg replied in the negative. The court further reasoned, "[N]o one is guaranteed an expungement . . . on any case. So I don't find that there was any error in the plea taking process at all."

This Court granted Knuppenburg's application for leave to appeal in a split decision. *People v Knuppenburg*, unpublished order of the Court of Appeals, entered September 15, 2022 (Docket No. 362543).

## II. ANALYSIS

A "court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate. Before accepting a plea of guilty or nolo contendere, the court must place the defendant . . . under oath and personally carry out" an inquiry outlined in MCR 6.302 (B)–(E). MCR 6.302(A). In *Brady v United States*, 397 US 742, 755; 90

---

[1] Under MCL 780.621c(1)(c), as amended by 2014 PA 463, effective January 12, 2015, a defendant convicted of CSC-IV or attempted CSC-IV is not eligible to apply for expungement.

S Ct 1463; 25 L Ed 2d 747 (1970) (citation omitted), the United States Supreme Court adopted the following standard of voluntariness of guilty pleas:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it. Nonetheless, when there has been a defect in the plea-taking process, a defendant may seek to set aside his or her plea." *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015). We review for an abuse of discretion a trial court's denial of a criminal defendant's motion to withdraw a plea. *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011).

Knuppenburg sought to withdraw his plea both before and after sentencing. MCR 6.310(B) governs the withdrawal of pleas after acceptance but before sentencing. Relevant to this appeal, "If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by subrule (C). MCR 6.310(C)(3) provides for the withdraw of a plea after sentencing as follows:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.

As described by this Court, "A criminal defendant's ability to withdraw a guilty plea after sentencing is limited to cases in which there was a defect in the plea-taking process." *People v Coleman*, 327 Mich App 430, 443; 937 NW2d 372 (2019). "The failure to accurately inform a defendant of the consequences of his or her plea can lead to a defect in the plea-taking process because the defendant may not have been capable of making an understanding plea." *Id*.

A defendant may also claim that ineffective assistance of counsel warrants withdrawal of his or her plea.

> When ineffective assistance of counsel is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly. Guilty pleas have been deemed involuntary or unknowing when defense counsel failed to explain adequately the nature of the charges. Guilty pleas have also been found to be involuntary when counsel failed to explain possible defenses to the charges. Under those circumstances, the effective assistance of counsel has been denied because the defendant has been deprived of the ability to

make an intelligent and informed decision regarding the available options. [*People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014) (citations omitted).]

As stated in *People v Effinger*, 212 Mich App 67, 70; 536 NW2d 809 (1995):

The determination to be made is whether the defendant tendered the plea voluntarily and understandingly. The question is not whether a court would, in retrospect, consider counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases.

Regarding the information that an attorney is expected to provide to his or her client prior to a plea entry, we have explained:

[F]or purposes of determining whether defense counsel was effective[,] a defendant need only be made aware of the direct consequences of a guilty plea. A defendant's ignorance of the collateral consequences of a plea does not render the plea involuntary. Counsel's failure to properly advise of collateral consequences of a plea does not bear on whether a defendant properly understood the decision to plead guilty to the charges in question. [*People v Davidovich*, 238 Mich App 422, 428; 606 NW2d 387 (1999).]

Here, the trial court asserted that the ability to seek expungement of a conviction is not a collateral consequence of a guilty plea. Accepting that proposition as true,[2] Knuppenburg and his wife attested that counsel incorrectly informed them that Knuppenburg could seek expungement of the attempted CSC-IV conviction after a certain number of years. Counsel allegedly admitted that he provided false information after Knuppenburg uncovered the truth through his own research. If counsel made this misrepresentation about a consequence of the guilty plea and Knuppenburg relied on that misrepresentation in making his decision, Knuppenburg's plea would be rendered involuntary.

For the first time in his second motion to withdraw his plea, Knuppenburg asserted that counsel advised him to take the plea because the prosecutor could seek to enhance the CSC charge immediately before or at trial. Knuppenburg did not confront counsel about this statement during the post-plea, presentencing call. However, this information would be directly relevant to a defendant's decision to take a plea agreement. These allegations and the information provided in

---

[2] As a general rule, a direct consequence "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *People v Cole*, 491 Mich 324, 334; 817 NW2d 497 (2012) (quotation marks and citation omitted). Even if potential expungement is merely a collateral consequence, this is not simply a case where counsel failed to properly advise of a collateral consequence. Counsel volunteered patently incorrect information. Whether Knuppenburg was misinformed about the collateral consequences of his plea may bear on whether he properly understood the decision to plead guilty.

the affidavits warrant an evidentiary hearing to consider whether counsel's performance was prejudicially deficient.

The need for a remand is supported by the Supreme Court's order in *People v Bailey*, 503 Mich 940 (2019). In *Bailey*, the defendant claimed that counsel told her that if she changed her mind before sentencing, she could withdraw her plea. The Supreme Court stated that "although the Court of Appeals correctly concluded that the trial court failed to state a legitimate basis for permitting plea withdrawal, it erred by remanding the case for sentencing rather than for redetermination of the defendant's motion." The Court further stated that if the defendant's allegation was true, "that would call into question whether the plea was entered knowingly and voluntarily." *Id*. Consequently, the case was remanded for an evidentiary hearing. *Id*.

Here, an evidentiary hearing should be held to determine whether Knuppenburg's allegations regarding counsel's misrepresentations are true and, if so, whether this misinformation caused Knuppenburg to enter his plea.

We remand for an evidentiary hearing. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado